# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERIC STEWARD, by his next friend and mother, Lillian Minor, *et al.*, | § § § § | |
| Plaintiffs, | § | |
| v. | § § | CIV. NO. 5:10-CV-1025-OLG |
| RICK PERRY, Governor, *et al.*, | § § § | |
| Defendants. | § | |

AFFIDAVIT OF DENNIS BOREL

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF TRAVIS | § |

Dennis Borel, Travis County, Texas, after being duly sworn by an officer authorized to administer oaths, deposes as follows:

1. I, Dennis Borel, am the executive director of The Coalition of Texans with Disabilities (hereinafter "CTD"). For over 10 years I have been an advocate for individuals with disabilities, and especially for those with intellectual and developmental disabilities (hereinafter "IDD"). For much of this time, I have worked closely with the Texas State Legislature and those departments which are charged with the responsibility of meeting the needs of individuals with disabilities. I am very familiar with how individuals attempt to obtain necessary services in this state. The statements made herein are true and correct and based upon my personal knowledge.

2. CTD is a statewide consumer disability advocacy organization that over the years has succeeded in influencing State policies and practices so that Texans with disabilities can work, live, learn, vote, and recreate fully in the community of their choice. CTD is a membership organization. Its membership consists of individual members, many of whom have IDD or a family member with IDD, and

organizations committed to advancing the rights and meeting the needs of individuals with disabilities. CTD works to support families, advance public policies, provide training programs, and build a statewide network of advocates. For over 33 years, CTD has provided information and referral services and devoted significant resources combating discrimination by state and local governmental entities against persons with IDD. Currently, CTD continues to advocate for the inclusion of people with IDD in all aspects of society. Our website is www.cotwd.org/index.html and is incorporated herein by reference.

3.     CTD has worked on behalf of its individual members and member organizations with the Texas State Legislature and the appropriate state agencies to address the problems of unnecessary institutionalization and stagnant community based services and supports. Since January 2010, CTD has specifically worked to get the State of Texas to restructure its Preadmission Screening and Resident Review (hereinafter "PASARR") program so that persons with IDD who are capable of living in the community with appropriate supports are given that opportunity as required by federal law and regulations. CTD has expended its organizational resources on this effort and will continue to do so. CTD also has individual members with IDD who are confined in nursing facilities, are not getting the specialized services and treatment they need in those facilities and would prefer to reside in the community with appropriate supports and services which are currently not available to them. Finally, our board of directors decided to file suit in this case in order to secure the services individuals are entitled to under federal law and regulation only after cooperative efforts with the State of Texas failed to secure access to supports and services mandated by the PASARR program. As a coalition of individuals and organizations that are dedicated to advocating for the rights of individuals with IDD, CTD determined that it had an obligation to its members to ensure that institutional services for persons with IDD do not continue to expand while community-based services stagnate or decline.

4. CTD has individual members who are persons with IDD who currently reside in nursing facilities and would prefer to reside in the community with appropriate services and supports. These persons have been adversely affected by the defendants' failure to appropriately screen and assess their suitability for community placement and for specialized services as required by the Nursing Home Reform Amendments and by defendants' failure to inform them of feasible alternatives to nursing facility care.

5. Accordingly, this case is not about whether any specific individual can obtain a specific service, but about whether the mandates of federal law are being met when individuals, and families, are forced to endure not receiving the services which they are entitled to receive. On behalf of its members, CTD seeks to make the PASARR process something that helps thousands of Texans who are either applying for or residing in a nursing facility receive the supports and services that will enable them to successfully live in the community.

FURTHER, AFFIANT SAITH NAUGHT.

_____
DENNIS BOREL

STATE OF TEXAS §
§
COUNTY OF TRAVIS §

Personally appeared before me, the undersigned authority, Dennis Borel, personally known to me, who, having been by me first duly sworn, stated upon his oath that the above statement is true and correct and based upon his personal knowledge.

SWORN TO AND SUBSCRIBED BEFORE ME, this the 22 day of November, 2011.

_____
NOTARY PUBLIC

My Commission Expires:

9-30-2014



MARK L. TROWBRIDGE
MY COMMISSION EXPIRES
September 30, 2014