IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ERIC STEWARD, by his next friend and mother, Lillian Minor, et. al. <br><br>       Plaintiffs, <br><br> v. <br><br> RICK PERRY, Governor of the State of Texas, et. al, <br><br>       Defendants. <br> _____ <br><br> THE UNITED STATES OF AMERICA, <br><br>       Plaintiff-Intervenor, <br>   v. <br><br> THE STATE OF TEXAS, <br><br>       Defendant. | Case No.  SA-5:10-CA-1025-OG |

**PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO FILE A SECOND AMENDED AND SUPPLEMENTAL COMPLAINT AND SECOND AMENDED MOTION FOR CLASS CERTIFICATION AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiffs, by and through their undersigned counsel, respectfully request that this Honorable Court, as authorized by Fed. R. Civ. P. 15, grant them leave to file a Second Amended and Supplemental Compliant, a copy of which has been filed with this Motion as Exhibit 1.   Specifically, Plaintiffs seek to amend their First Amended and Supplemental Complaint to: 1)  add ten new Named Plaintiffs to represent the putative class;[1] 2) update the

---

[1] All of the new Named Plaintiffs are members of the putative class. *See* Second Amended and Supplemental Complaint, ¶¶ 1, 16-25, 243-376, Ex. 1.

current addresses of the current Named Plaintiffs who have moved; and 3) substitute new Defendants, consistent with the Court's Orders of September 14, 2012 (Dkt # 135) and November 8, 2012 (Dkt. # 145). The Second Amended and Supplemental Complaint makes no other modifications to the First Amended and Supplemental Complaint, filed on October 4, 2011 (Dkt # 63). Plaintiffs also seek leave to file a Second Amended Motion for Class Certification to add the names of the new Named Plaintiffs and substitute new Defendants Janek and Weizenbaum. A copy of the Second Amended Motion for Class Certification is attached as Exhibit 2.

As discussed in Plaintiffs' Supplemental Memorandum in Support of Amended Motion for Class Certification, (Dkt. # 148), Defendants have attempted to transfer all of the current Named Plaintiffs to the community, in order to avoid class certification. Specifically, in August 2012, just prior to the hearing on class certification, Defendants offered community placements to all of the Named Plaintiffs who reside in nursing facilities, even though no such offers had ever been made in the many years these individuals have been confined in nursing facilities. Moreover, these offers required the Defendants to use Home and Community-Based Services (HCS) waiver slots which, by legislative direction, were reserved for persons who are at risk of admission to or are already residing at the State Supported Living Centers (SSLCs) or Intermediate Care Facilities for Persons with Intellectual Disabilities (ICF/DDs), institutions for people with intellectual disabilities in Texas. Defendants have no program that enables nursing facility residents with intellectual or developmental (ID/DD) disabilities to qualify for HCS waiver services.[2] The Defendants apparently classified each Named Plaintiff – but no other

---

[2]*See* http://www.dads.state.tx.us/providers/pi/piac_reports/fiscalreccomendations-10 11/independentliving.html; http://www.dads.state.tx.us/providers/MRA/ebroadcasts/LA0758.pdf;and www.dads.state.tx.us/providers/MRA/e-broadcasts/MRA0547.pdf (last visited March 9, 2013).

2

nursing facility resident –as being at risk of being transferred from a nursing facility to a SSLC or other ICF/DD, even though no Named Plaintiff ever sought such transfer, ever was informed of such transfer, and would never assent to such transfer.

As a result of the Defendants unusual use of HCS waiver slots, all of the Named Plaintiffs will soon be living in the community. Some have already moved to the community, and it is anticipated that the others will be moving to the community in the near future. *See* Third Joint Motion to Continue Discovery and Hearing on Plaintiffs' Motion for Preliminary Injunction (Dkt.159). Although the placement of the Named Plaintiffs in community-based programs does not moot their claims and the Organizational Plaintiffs, the Arc of Texas and the Coalition for Texans with Disabilities, have standing and remain parties to this action, in an abundance of caution and in order to ensure that their rights, and the rights of the putative class, are vindicated, Plaintiffs seek to add ten additional Named Plaintiffs to their Complaint.[3]

## II.   PROCEDURAL HISTORY AND RELEVANT FACTS

### A.   *Procedural History*

Plaintiffs filed their Complaint initiating this action on December 20, 2010 (Dkt. #1), alleging that Defendants systematically violate the civil rights of thousands of individuals with intellectual and developmental disabilities by needlessly segregating them in nursing facilities throughout the State of Texas when those individuals with disabilities want, and could be served in, integrated community-based settings. On March 8, 2011, Defendants filed their first Motion to Dismiss the Plaintiffs' Complaint and supporting Memorandum of Points and Authorities

---

[3] In filing this Motion, plaintiffs in no way concede that the placement of the current Named Plaintiffs in the community moots their claims or the claims of the proposed class, or in any way renders them inadequate class representatives.

(Dkt. # 30 & 32). Plaintiffs filed their Response on April 18, 2011 (Dkt. # 40), and Defendants filed a Reply on June 1, 2011 (Dk. # 51).

Plaintiffs filed an initial Motion for Class Certification and supporting Memorandum of Points and Authorities On January 19, 2011 (Dkts. # 13 & 14). Defendants responded by filing an Opposed Motion to Abate Plaintiffs' Motion for Class Certification (Dkt. # 20) January 26, 2011, Plaintiffs filed their Response on February 4, 2011 (Dkt. # 21), and Defendants filed their Reply on February 22, 2011(Dkt. 24). The Court granted Defendants' Motion on September 27, 2011 and stayed all proceedings in the case (Dkt. # 58). Later, with leave of Court, Plaintiffs filed an Amended Motion for Class Certification on July 9, 2012. (Dkt. #94). Defendants filed their Response on August 31, 2012 (Dkt. # 125) and Plaintiffs filed their Reply on September 9, 2013 (Dkt. # 131).

On October 4, 2011 this Court granted Plaintiffs' Request for Relief from Stay and Unopposed Motion for Leave to File Amended and Supplemental Complaint (Dkt. 62) which was filed that same day (Dkt. # 63). Defendants then filed a Partial Motion to Dismiss Plaintiffs' First Amended and Supplemental Complaint ("Partial MTD") on November 4, 2011 (Dkt. # 67). Plaintiffs filed their Response on November 23, 2011 (Dkt.# 70), and Defendants filed their Reply on December 12, 2011 (Dkt. # 76).

Plaintiffs filed a Motion to Lift Stay and Schedule Hearing on the Plaintiffs' Motion for Preliminary Injunction ("PI Motion") on behalf of three of the Named Plaintiffs (Dkt. # 86) which was granted by this Court on July 23, 2012 (Dkt. # 107). Plaintiffs and Defendants engaged in limited discovery on the PI Motion. By a joint request of the Plaintiffs and the Defendants, the PI Motion was stayed and discovery suspended on August 15, 2012 to allow the Named Plaintiffs to pursue opportunities to apply for and obtain community placement in

Defendants' Home and Community Services ("HCS") waiver program (Dkt.# 119). On November 15, 2012, the Court extended the stay and suspension of discovery until February 15, 2013 (Dkt. # 152) and on February 21, 2013, the Court again extended the stay and suspension of discovery until May 15, 2013 (Dkt. # 160).

This Court heard oral argument on Defendants' Partial MTD, Plaintiffs' Amended Motion for Class Certification, and the United States of America's Partial Motion to Intervene and a proposed Intervenor's Complaint (Dkt. # 53) on September 12, 2012. At the conclusion of the hearing, the Court permitted the Parties to file supplemental briefing on Defendants' Partial MTD as well as Plaintiffs' Amended Motion for Class Certification. The Parties submitted their supplemental briefing to the Court by November 13, 2012. (Dkt. #s 147, 148 & and 151). These two motions are currently pending before the Court. This Court granted the United States intervention on September 20, 2012 (Dkt. # 136), and Defendants filed their Answer on October 24, 2012 (Dkt. #143) but have not yet filed an Answer to Plaintiffs' First Amended and Supplemental Complaint.

  *B. Relevant Facts*

The Defendants have attempted to moot the claims of the Named Plaintiffs in order to avoid class certification. Almost a year and a half after Plaintiffs filed their initial Complaint and almost immediately after the Court ordered and scheduled a hearing on the Plaintiffs' Amended Motion for Class Certification, Defendants suddenly offered *all* of the current Named Plaintiffs who were residing in nursing facilities community placements funded by Texas' HCS Medicaid waiver program. *See* Plaintiffs' Supplemental Memorandum in Support of Amended Motion for Class Certification at 2-3 (Dkt. # 148) *citing* The State of Texas' Answer and Affirmative

Defenses to United States' Complaint in Intervention ("Texas's Answer") at 11 (Dkt. # 143). None of the other putative class members have been offered a HCS waiver slot.

The Named Plaintiffs were offered these HCS waiver slots ahead of over 50,000 other individuals on the waiting list for these services.[4] Defendants apparently deemed them to be at risk of institutionalization using the same criteria that they do so for persons at risk of admission to a SSLC or ICF/DD, institutions for people with intellectual disabilities in Texas. *See id*.

Defendants actions were inconsistent with their own policies that restrict the provision of waiver placements to individuals who: (a) are already on the HCS waiting list, or (b) were eligible to apply for an HCS diversion slot such as individuals residing in SSLCs, ICF/DD, or those individuals living in the community who are at risk of being institutionalized in an SSLC. *See* Texas's Answer at 13. Furthermore, DADS has no policy or previous practice that authorizes or makes available HCS diversion slots for nursing facility residents with ID/DD or for individuals with ID/DD who are at risk of being institutionalized in a nursing facility.

As of the date of this Motion, two of the Named Plaintiffs who were offered HCS waiver placements remain in nursing facilities. It is anticipated that they will transition to the community by the end of March or beginning of April of this year.

### III.   ARGUMENT

*A. Plaintiffs' Have Satisfied the Requirements for Leave to File a Second Amended and Supplemental Complaint.*

1. Applicable Legal Standard

Motions to amend pleadings must be liberally granted "where justice so requires." Fed. R. Civ. P. 15(a). In determining whether to permit a plaintiff to amend its complaint, Courts consider: 1) whether the party seeking to amend does so with undue delay; 2) bad faith or

---

[4] The HCS waiver waiting list has over 50, 000 people. http://www.dads.state.tx.us/services/interestlist/index.html (last visited March 9, 2013).

dilatory motive; 3) repeated failure to cure pleading defects by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v.Azurix Corp.*, 332 F.3 854, 864 (5th Cir. 2003)). For the reasons set forth below, Plaintiffs' Motion for Leave to File a Second Amended Complaint should be granted.

2. <u>Plaintiffs Have Not Delayed Seeking to Further Amend their Complaint and the Proposed Amendments Will Not Prejudice Defendants.</u>

Plaintiffs have not delayed filing this Motion and Defendants will suffer no prejudice if Plaintiffs are granted leave to file a Second Amended Complaint. Although filed in December of 2010, this case remains in its very early stages of litigation. Specifically, Defendants have not filed an Answer to Plaintiffs' First Amended and Supplemental Complaint, there has been no scheduling conference held or scheduling order issued by the Court, and there has been no discovery propounded or taken in this case except for limited discovery on Plaintiffs' Motion for PI which has been suspended since August of 2012.

Furthermore, Plaintiffs' proposed amendments will not change the nature, including the claims, of the lawsuit. *See Mississippi Protection and Advocacy Sys. v. Cotton*, 929 F.2d 1054, 1058 (5th Cir. 1991) (defendants not prejudiced where plaintiffs granted leave to amend to substitute named plaintiff under Fed. R. Civ. P. 15, where there was no change in the nature of the lawsuit). Rather, as discussed above in Section II.B and in Plaintiffs' Supplemental Memorandum in Support of Plaintiffs' Amended Motion for Class Certification, some of the current Named Plaintiffs have moved to the community and it is anticipated that the rest of current Named Plaintiffs will be moving to the community in the near future as a result of Defendants' attempt to moot their claims by offering all of the current Named Plaintiffs HCS waiver slots, in contradiction of their own policies. In an abundance of caution and in order to

ensure that their rights and the rights of the rest of the putative class are vindicated, Plaintiffs seek to add ten new Named Plaintiffs: Maria Hernandez, Vanisone Thongphanh, Melvin Oatman, Richard Krause, Michael Mc Burny, Leon Hall, Leonard Barefield, Thomas Johnson, John Kent, and Joseph Morell—all of whom are members of the putative class. *See Berry v. Pierce*, 98 F.R.D. 237, 246 (E.D. Tex. 1983) (*citing United Airlines v. McDonald*, 432 U.S. 385 (1977)) (putative class members were granted leave to intervene as named plaintiffs where the original named plaintiffs' claims were mooted as a result of a settlement of their claims); *Marbury v. Hometown Bank, N.A.,* 276 F.R.D. 196, 202 (S.D. Tex. 2011) (*citing Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1041 (5th Cir. 1981)) (holding that the general rule is that successor named plaintiffs should be added to a case before the originally named plaintiffs claims become moot).

The other proposed amendments—updating the addresses of the current Named Plaintiffs who have moved and substituting one of the defendants—are non-substantive amendments. Since none of the Plaintiffs' proposed amendments affect the nature or claims of the lawsuit, and since the Defendants have not even answered the Amended Complaint, there can be no prejudice.

### 3. Plaintiffs' Proposed Amendments Are Not Futile, or Unrelated to Curing Pleading Defects, and Are Not Dilatory or Made in Bad Faith.

Plaintiffs' Proposed Amendments are not futile, since they are specifically designed to, and if allowed will, avoid any possible argument of mootness. Furthermore, Plaintiffs' proposed amendments are not relevant to curing any pleading defects, since until the Defendants engaged in a concerted effort to place all Named Plaintiffs, but no other members of the plaintiff class, in the community, there was no assertion that the claims of the Named Plaintiffs were, or even might be, moot. Rather, they seek only to add ten new named plaintiffs, update the addresses of

the current Named Plaintiffs who have moved, and substitute Defendant Jon Weizenbaum for Defendant Chris Traylor, in his official capacity as the Commissioner of the Texas Department of Aging and Disability Services. Finally, there is no bad faith or dilatory motive by Plaintiffs in filing this Motion.

      B.    *Plaintiffs' Second Amended Motion for Class Certification*

Plaintiffs also seek leave to file a Second Amended Motion for Class Certification (Second Amended Motion) for the limited purposes of adding the names of the new Named Plaintiffs. There are no substantive amendments to the Second Amended Motion. Plaintiffs do not seek to amend their Memorandum of Law in Support of their Amended Motion for Class Certification or the supporting declarations and exhibits filed therewith, and instead incorporate them by reference into the Second Amended Motion.

## IV.   CONCLUSION

In light of the fact that this case is at a very early stage, the proposed amendments will not prejudice Defendants or delay the disposition of the case, the proposed amendments are not futile and there is no bad faith or dilatory motive by Plaintiffs in filing this Motion, Plaintiffs' respectfully request that their Motion for Leave to File a Second Amended and Supplemental Complaint be granted. Plaintiffs' should also be granted leave to file their Second Amended Motion for Class Certification.

DATED: March 12, 2013.

        Respectfully submitted,

        /s/ *Garth A. Corbett*
        Garth A. Corbett
        State Bar No. 04812300
        Sean A. Jackson
        State Bar No. 24057550
        Disability Rights Texas
        2222 West Braker Lane
        Austin, TX  78758
        (512) 454-4816 (Telephone)
        (512) 454-3999 (Facsimile)

        Yvette Ostolaza
        State Bar No. 00784703
        Robert Velevis
        State Bar No. 24047032
        *Admitted Pro Hac Vice*
        Casey A. Burton
        State Bar No. 24058791
        *Admitted Pro Hac Vice*
        Weil, Gotshal & Manges LLP
        200 Crescent Court, Suite 300
        Dallas, TX  75201
        (214) 746-7700 (Telephone)
        (214) 746-7777 (Facsimile)

        Steven J. Schwartz
        *Admitted Pro Hac Vice*
        Deborah A. Dorfman
        *Admitted Pro Hac Vice*
        Elizabeth F. Toner
        *Admitted Pro Hac Vice*
        Center for Public Representation
        22 Green Street
        Northampton, MA  01060
        (413) 586-6024 (Telephone)
        (413) 586-5711 (Facsimile)

        *Counsel for Plaintiffs*

**CERTIFICATE OF CONFERENCE**

I Garth Corbett, hereby certify that I have conferred with counsel for Defendants and the Plaintiff-Intervenors on the relief requested in Plaintiffs' Motion for Leave to File a Second Amended and Supplemental Complaint and Second Amended Motion for Class Certification and accompanying Memorandum of Points and Authorities in Support of Motion, and certify that United States, Plaintiff-Intervenor assents to the relief sought but that Defendants are opposed to the relief sought herein.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Garth Corbett*
Garth Corbett
State Bar No. 04812300
Disability Rights Texas
2222 West Braker Lane
Austin, Texas 78758
Telephone:    (512) 454-4816
Facsimile:    (512) 454-3999
gcorbett@disabilityrightstx.org

*Counsel for Plaintiffs*