Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ERIC STEWARD, by his next friend and mother, Lillian Minor, et. al. <br><br> Plaintiffs, <br><br> v. <br><br> RICK PERRY, Governor of the State of Texas, et. al, <br><br> Defendants. <br> _____ <br><br> THE UNITED STATES OF AMERICA, <br><br> Plaintiff-Intervenor, <br> v. <br><br> THE STATE OF TEXAS, <br><br> Defendant. | Case No.  SA-5:10-CA-1025-OG |

**PLAINTIFFS' SECOND AMENDED MOTION FOR CLASS CERTIFICATION**

**I.    INTRODUCTION AND MOTION**

Eric Steward, Linda Arizpe, Andrea Padron, Patricia Ferrer, Benny Holmes, Zackowitz Morgan, Maria Hernandez, Vanisone Thongphanh, Melvin Oatman, Richard Krause, Michael McBurney, Leon Hall, Leonard Barefield, Tommy Johnson, Johnny Kent, and Joseph Morrell (collectively, the "Named Plaintiffs") move this Court to certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  In support of their second amended motion,[1] the

---

[1] The Plaintiffs filed their original Motion for Class Certification, with an accompanying Memorandum, on January 19, 2011.  *See* Dkt. ## 13 and 14.  The Court subsequently granted the Defendants' Motion to Abate the Plaintiffs'

Named Plaintiffs state that:

1.      All of the Named Plaintiffs are Medicaid-eligible individuals with mental retardation or a related condition[2] (collectively referred to as "developmental disabilities") who currently are confined in nursing facilities in Texas or at risk of being placed in a nursing facility.[3] Each Named Plaintiff is qualified for the community service system that is funded and operated by the Defendants and prefers to live in a more integrated setting, with appropriate services and supports. However, each Named Plaintiff (except Mr. Holmes, Ms. Ferrer, Ms. Padron, and Ms. Arizpe) remains segregated as a result of the Defendants' planning, administration, and funding of their developmental disability service system, which unduly relies on segregated settings like nursing facilities, and which denies the Named Plaintiffs and other similarly-situated persons with developmental disabilities in nursing facilities the opportunity to receive services in the most integrated setting. The Defendants' operation and funding of their developmental disability service system violates Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 *et seq.*; 28 C.F.R. § 35.130(d) *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

---

Motion for Class Certification (Dkt # 20) and stayed all further proceedings, *See* Order of September 27, 2011 (Dkt. # 58). This Amended Motion incorporates an analysis of recent decisions of the United States Supreme Court, the Fifth Circuit Court of Appeals, and lower courts on class certification that have been issued since the original motion was filed, It also incorporates additional documents in support of the Amended Motion. Concurrently with this motion, the Named Plaintiffs are also filing their Memorandum of Law in Support of the Amended Motion for Class Certification, which is expressly incorporated herein. On July 9, 2012, with leave of Court, the Plaintiffs filed an Amended Class Motion for Class Certification ("Amended Motion"), an accompanying Memorandum, and supporting declarations and exhibits. *See* Dkts 94-98. The Defendants filed their Response on August 31, 2012. *See* Dkt # 125. The Court heard oral argument on the Amended Motion on September 12, 2012, and with leave of Court, the Parties filed supplemental briefing on the Amended Motion on November 12 & 13, 2012. *See* Dkts # 148, 150, & 151.

[2] This Motion incorporates the term "mental retardation or a related condition" as defined and used in the federal PASRR regulations. *See* 42 C.F.R. § 483.102(b)(3).

[3] Subsequent to the filing of the Complaint, Named Plaintiff, Benny Holmes, moved from the nursing facility where he had been residing into a small group home in the community. Subsequent to the filing the First Amended and Supplemental Complaint and the Amended Motion for Class Certification and after the hearing on that Motion, Named Plaintiffs Patricia Ferrer, Andrea Padron, and Linda Arizpe moved from the nursing facilities where they had been residing to the community. Since Mr. Holmes, Ms. Ferrer, Ms. Padron, and Ms. Arizpe remain at risk of readmission to a nursing facility, they continue to be appropriate class representatives.

2. Additionally, each Named Plaintiff has been or is being denied the specialized services in the nursing facility that are necessary to provide them with active treatment, in violation of the Nursing Home Reform Amendments (NHRA) to the Medicaid Act, 42 U.S.C. § 1396r(e)(7) and their implementing regulations, 42 C.F.R. § 483.100 *et seq.*

3. This action seeks class-wide injunctive relief under Rule 23(b)(2) of the Federal Rules of Procedure to end the harm suffered by the Named Plaintiffs and others similarly-situated who are segregated in nursing facilities and denied active treatment. The Named Plaintiffs seek injunctive relief to require Rick Perry, Governor of the State of Texas, Kyle L. Janek, M.D., Executive Commissioner of the Texas Health and Human Services Commission, and Jon Weizenbaum, Commissioner of the Texas Department of Aging and Disability Services (the "Defendants") to fulfill their obligations to the proposed class under Title II of the ADA, Section 504 of the Rehabilitation Act ("Section 504"), and the NHRA by, among other things: (1) providing all qualified persons with developmental disabilities the opportunity to receive services in the most integrated setting; (2) making reasonable modifications to the Defendants' community service system to accommodate the needs of qualified individuals who prefer to live in more integrated settings; (3) implementing a professionally-adequate screening and assessment process that will accurately identify individuals with developmental disabilities, including whether they can be appropriately served in the community; and (4) for those who require nursing facility care, determining their need for specialized services and providing them with those services with sufficient frequency, intensity, and duration to constitute active treatment.

4. The Second Amended Complaint seeks the same relief from the Defendants for approximately 4,500 other similarly-situated individuals with developmental disabilities who are living in nursing facilities, and many more who will or should be screened for admission to nursing

3

facilities in the future. Most of these individuals are unnecessarily segregated in nursing facilities and would prefer to live in an integrated community setting with appropriate services and supports. Additionally, most of the proposed class members currently confined to nursing facilities are denied the specialized services and active treatment that the Defendants are obligated to provide.

5.   The Second Amended Complaint requests that the Court certify a plaintiff class comprised of all Medicaid-eligible persons over twenty-one years of age with mental retardation and/or a related condition[4] in Texas who currently or will in the future reside in nursing facilities, or who are being, will be, or should be screened for admission to nursing facilities pursuant to 42 U.S.C. § 1396r(e)(7) and 42 C.F.R. § 483.112 *et seq*.

6.   The proposed class satisfies the numerosity requirement of Fed. R. Civ. P. 23(a)(1) because there are over 4,500 persons with developmental disabilities currently segregated in nursing facilities in Texas, because a significant portion of these individuals have indicated their preference to leave these institutions, and because there are hundreds of other individuals with developmental disabilities who are screened and admitted to nursing facilities each year. *See* Declaration of Garth Corbett Regarding Exhibits in Support of Plaintiffs' Amended Motion for Class Certification (Dkt #97), Ex. 1 (DADS response to FOIA request, dated October 26, 2009); Ex. 2 (MDS data on number of persons with developmental disabilities in nursing facilities, 2010).

7.   Pursuant to Fed. R. Civ. P. 23(a)(2), the proposed class shares several common legal and factual claims, including:

    a.   Whether the Defendants are violating the ADA and Section 504 by: (i) failing to offer and provide community support services to nursing facility residents with developmental disabilities that would enable them to live in

---

[4] The class definition utilizes the phrase "mental retardation and/or a related condition," rather than "developmental disabilities" because this is the current terminology in the federal PASRR regulations. 42 CFR § 483.102(b)(3).

4

        the most integrated setting appropriate to their needs; (ii) failing to offer community services to individuals with developmental disabilities who are at risk of admission to nursing facilities, in order to divert the unnecessary admission of those individuals who could be appropriately served in an integrated community setting; and (iii) utilizing eligibility criteria and methods of administration that have the effect of excluding the Named Plaintiffs and members of the plaintiff class from access to the services and supports that they need to reside in integrated, community-based settings;

b. Whether the Defendants are violating the NHRA by: (i) failing to establish a screening program that accurately determines if persons with developmental disabilities who apply for admission to a nursing facility can be appropriately served in a less restrictive community setting; (ii) failing to conduct professionally acceptable assessments to determine what specialized services these individuals require; and (iii) failing to provide an array of specialized services to all persons with developmental disabilities in nursing facilities who need them, in a manner that satisfies the federal standard for active treatment; and

c. Whether the Defendants are violating the federal Medicaid program by: (i) failing to provide necessary rehabilitative services to the members of the plaintiff class with reasonable promptness; (ii) denying class members a choice between receiving medically necessary supports and services in a segregated nursing facility or an integrated community-based setting,

including failing to provide them with relevant information necessary to exercise this choice, and (iii) failing to afford them meaningful access to community-based services.

8. The Defendants have acknowledged, in their biennial reports, legislative budget requests, and other documents that there are a significant number of individuals with developmental disabilities in nursing facilities who could safely and appropriately live in integrated community settings, but numerous obstacles and waiting lists which prevent their moving to integrated community settings. *See* Corbett Decl., Ex. 4 (2010 Biennial Report of Developmental Disabilities Council); Ex. 5 (2012 Report of the Promoting Independence Advisory Committee; Ex. 6 (2012 DADS Legislative Appropriations Request); Ex. 7 (DADS waiver waiting lists); Ex. 8 (HCBS eligibility criteria); Ex. 9 (MDS data on persons in nursing facilities who want to leave).

9. The United States Department of Justice, the agency charged by Congress with the enforcement of the ADA, conducted a "thorough investigation" of Texas' practice of segregating persons with developmental disabilities in nursing facilities and concluded that "Texas is in violation of the Americans with Disabilities Act and the Rehabilitation Act as it relates to issues pending in the *Steward v. Perry* litigation." *See* Corbett Decl., Ex. 10, DOJ Findings Letter, dated June 15, 2011; United States Complaint in Intervention (Dkt # 137). This conclusion is based upon DOJ's determination that the State of Texas unnecessarily institutionalizes individuals with developmental disabilities in nursing facilities and places individuals who live in the community at risk of placement in nursing facilities." *Id.*

10. Mike Bright, the executive director of the Arc of Texas and a member of numerous DADS advisory committees, task forces, and working groups, concludes that many persons with developmental disabilities in nursing facilities would benefit from community

6

services and supports, are qualified for the Defendants' community services programs, and would prefer to live in a community setting. Nevertheless, the Defendants' planning and funding of their community service system prevents these individuals from living in the most integrated setting. *See* Declaration of Mike Bright, ¶ 13.

11. The Office of the Inspector General of the federal Department of Health and Human Services has reviewed Texas' Pre-Admission Screening and Resident Review (PASRR) program that is required by the Medicaid Act, 42 U.S.C. § 1396r(e) and identified numerous deficiencies. *See* Corbett Decl., Ex. 3 (2007 Preadmission Screening Report). The Defendants acknowledge that they have no data or reliable information on the number of nursing facility residents with developmental disabilities who have had received the mandated screening and assessment, or the specialized services, that are required by federal law. *See* Corbett Decl., Ex. 1.

12. These facts, claims, and evidence set forth a common contention of standardized conduct that is susceptible to a common answer, and can be remedied by a single injunction. The Court is not required to make individual determinations of liability or remedy.

13. As required by Fed. R. Civ. P. 23(a)(3), the legal claims, the fact of segregation, and the harms suffered by the Named Plaintiffs are typical of the class.

14. The Plaintiffs' expert, Karen Green McGowan, R,N., has reviewed the needs of three of the Named Plaintiffs and determined that all three are qualified for, and would benefit from, placement in an integrated community setting, but continue to suffer similar harms from being segregated in nursing facilities and not being provided needed services. *See* Declaration of Karen Green McGowan and accompanying expert report.

15. Ms. McGowan's report on three Named Plaintiffs describes in troubling detail the Defendants' failure to accurately screen, assess, and treat these individuals, and the lack of specialized services and active treatment provided to these individuals. *See* McGowan report.

16. There is no antagonism or conflict between the Named Plaintiffs and other members of the class. In addition, Disability Rights Texas, Weil, Gotshal & Manges LLP, and the Center for Public Representation are highly-qualified attorneys with considerable experience in assisting persons with disabilities and in class action litigation. Therefore, the requirements of Fed. R. Civ. P. 23(a)(4) are satisfied.

17. Because this is a civil rights action seeking only injunctive relief, and since the Defendants have acted or refused to act on grounds generally applicable to the entire class, thereby making final injunctive and declaratory relief appropriate for the whole class, the proposed class satisfies the standards of Fed. R. Civ. P. 23(b)(2).

18. There are no other pending actions in any court of which the Plaintiffs are aware against the Defendants alleging the same or similar causes of action.

19. Counsel for the Named Plaintiffs, Disability Rights Texas, the Center for Public Representation, and Weil, Gotshal & Manges LLP (Plaintiffs' Counsel), have discussed and thoroughly explained to the Named Plaintiffs the nature of a class action and the potential advantages and disadvantages to the Named Plaintiffs of proceeding in a class action rather than individually. Prior to filing this action, Plaintiffs' Counsel engaged in extensive settlement negotiations with the Defendants over a period of seven months in an attempt to resolve the issues raised in this litigation. The settlement negotiations focused exclusively on a systemic resolution of the issues and did not involve negotiations seeking to obtain individual relief for any of the Named Plaintiffs.

20. Plaintiffs' Counsel are not aware of any person who has relied on the fact that this action was filed as a class action. Plaintiffs' Counsel intend to pursue this litigation on behalf of the class even if the claims of the current Named Plaintiffs are rendered moot by the actions of Defendants or otherwise, either by continuing to pursue the action through the institutional plaintiffs and/or by intervening additional named plaintiffs.

21. Because this a Rule 23(b)(2) class action, notice to the class is not required. Rule 23(c)(2)(A); *see also Newton-Nations v. Rogers*, 316 F. Supp. 2d 883, 890 (D. Ariz. 2004); Advisory Committee Note on Rule 23, 215 F.R.D. 158, 218 (2003) ("The authority to direct notice to class members in a (b)(1) or (b)(2) class action should be exercised with care. For several reasons, there may be less need for notice than in a (b)(3) class action. There is no right to request exclusion from a (b)(1) or (b)(2) class. The characteristics of the class may reduce the need for formal notice. The cost of providing notice, moreover, could easily cripple actions that do not seek damages. The court may decide not to direct notice after balancing the risk that notice costs may deter the pursuit of class relief against the benefits of notice."). Consequently, the Named Plaintiffs do not believe that there is any need for notice to the class at this point in the litigation.

22. Plaintiffs' Counsel have extensive experience in prosecuting class actions, including numerous class actions on behalf of persons with disabilities. They have the skills and resources to adequately represent the plaintiff class in this case as set forth more fully in the attached Memorandum of Law and seek appointment as co-class counsel in this action.

23. In further support of Plaintiffs' Second Amended Motion for Class Certification, Plaintiffs incorporate by reference, the Memorandum of Law in Support of Plaintiffs' Amended Motion for Class Certification (attached to the Amended Motion), the Declarations of Mike Bright, Garth Corbett, and Karen McGowan, R.N., CDDN, and all attached exhibits. *See* Dkts. 94-98.

## II. REQUESTED RELIEF

WHEREFORE, the Named Plaintiffs respectfully request that, pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court certify a class consisting of all Medicaid-eligible persons over twenty-one years of age with mental retardation and/or a related condition in Texas who currently or will in the future reside in nursing facilities, or who are being, will be, or should be screened for admission to nursing facilities pursuant to 42 U.S.C. § 1396r(e)(7) and 42 C.F.R. § 483.112 *et seq*. The Named Plaintiffs further request that the Court appoint Disability Rights Texas, Weil, Gotshal & Manges LLP, and the Center for Public Representation as co-class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

DATED: March 12, 2013.

          Respectfully submitted,

          */s/ Garth A. Corbett*
          Garth A. Corbett
          State Bar No. 04812300
          Sean A. Jackson
          State Bar No. 24057550
          Disability Rights Texas
          2222 W. Barker Lane
          Austin, Texas 78758
          (512) 454-4816 (Telephone)
          (512) 454-3999 (Facsimile)

          Yvette Ostolaza
          State Bar No. 00784703
          Robert Velevis (admitted *pro hac vice*)
          State Bar No. 24047032
          Casey A. Burton (admitted *pro hac vice*)
          State Bar No. 24058791
          Weil, Gotshal & Manges LLP
          200 Crescent Court, Suite 300
          Dallas, Texas 75201
          (214) 746-7700 (Telephone)

Case 5:10-cv-01025-OLG   Document 162-2   Filed 03/12/13   Page 12 of 12

(214) 746-7777 (Facsimile)

Steven J. Schwartz (admitted *pro hac vice*)
Deborah Dorfman (admitted *pro hac vice*)
Bettina Toner (admitted *pro hac vice*)
Center for Public Representation
22 Green Street
Northampton, Massachusetts 01060
(413) 586-6024 (Telephone)
(413) 586-5711 (Facsimile)

*Attorneys for Plaintiffs*

## CERTIFICATE OF CONFERENCE

I, Garth A. Corbett, hereby certify that I have conferred with counsel for the United States, Plaintiff-Intervenor and Defendants on the relief requested in this Second Amended Motion for Class Certification, and certify that the Plaintiff-Intervenor Assents to and the Defendants oppose the relief sought herein.

*/s/ Garth A. Corbett*

Garth A. Corbett

## CERTIFICATE OF SERVICE

I, Garth Corbett, hereby certify that all parties have been served through the Court's ECF system, or if such party does not accept service through the Court's ECF system, then by first class mail.

*/s/ Garth A. Corbett*

Garth A. Corbett

11