**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ERIC STEWARD, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| CECILE YOUNG, in her official capacity as | § | |
| the Executive Commissioner of Texas' Health | § | |
| and Human Services Commission, *et al.*, | § | |
| *Defendants*. | § | |
| | § | Case No. 5:10-CV-1025-OG |
| | § | |
| THE UNITED STATES OF AMERICA, | § | |
| *Plaintiff-Intervenor*, | § | |
| | § | |
| v. | § | |
| | § | |
| THE STATE OF TEXAS, | § | |
| *Defendant*. | § | |

**PLAINTIFFS' AND THE UNITED STATES' NOTICE OF OBJECTIONS TO
DEFENDANTS' DEPOSITION DESIGNATIONS**

In accordance with the Court's September 30, 2020 order, ECF 696, Plaintiffs and the United States (together, Plaintiffs) file with the Court their objections to Defendants' deposition designations, ECF 625-2. Plaintiffs' objections are attached hereto as Exhibit A. Plaintiffs request that the Court disregard the testimony to which Plaintiffs object because it is inadmissible hearsay, violates the Court's orders establishing a fact cut-off date, or both.

Defendants have failed to distinguish their affirmative designations from counter-designations. Instead, they maintain that their affirmative designations are the same as their counter-designations. *See* ECF 625; *see also* ECF 696.

As the Court has noted, Rule 32(a)(6) of the Federal Rules of Civil Procedure requires the counter-designating party to identify the deposition designation to which a particular counter-designation relates: "If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce other parts."  Plaintiffs have not objected to any of Defendants' designations that meet the requirements of the Rule.

However, other testimony does not meet the requirements of Rule 32(a)(6) and is not an appropriate counter-designation.  Therefore, to be admissible, those designations must meet the conditions in Federal Rule of Civil Procedure 32.  Rule 32 requires that any affirmative designation must satisfy the general requirements of Rule 32(a)(1), as well as be admissible under one of the subparts in Rule 32(a)(2)-(4).  Those subparts allow for the use of a deposition at trial for impeachment or from an adverse party/agent/designee or unavailable witness. However, all but six[1] of the witnesses identified in Defendants' notice are Defendants' own employees and agents.  Although Plaintiffs may designate deposition testimony from such witnesses pursuant to Fed. R. Civ. Proc. 32(a)(3), as the testimony of an adverse party or its agent or designee, Defendants may not.

Here, the deposition testimony Plaintiffs designated is all from State employees. Further, the documents referred to in these depositions were Health and Human Services Commission

---

[1] As to these six non-State-employee witnesses, Plaintiffs have stipulated to the admissibility of the trial depositions of Diane Hernandez, Kelli Green, Staci Scott, Latonia Jennings, and Jacob Adkins.  *See* ECF 624 at 2 n.2; ECF 696 at 1 n.1.  As trial depositions, this testimony should be admitted in its entirety and should not have been included with Defendants' deposition designations.  *Cf.* ECF 625-2 at 23-24.  But Plaintiffs have separately objected to Defendants' designation of testimony from Susan Murphree, an employee of Disability Rights Texas, counsel for Plaintiffs in this case.  The Court has noted that it will consider the admissibility of Ms. Murphree's testimony separately.  ECF 696 at 3.

communications or documents.  Consequently, neither the testimony nor the referenced deposition exhibits are hearsay as it relates to Plaintiffs because they are all statements of an opposing party.  Fed. R. Evid. 801(d)(2).

By contrast, Defendants' affirmative designations from Texas's own state employees do not satisfy any of these Rule 32 subparts.  Because these are not admissions of a party opponent, were not used for impeachment by Defendants, and are not testimony from an unavailable witness, these statements by State employees and agents are inadmissible hearsay.  Defendants have not demonstrated that this testimony falls into any other exception.  Accordingly, Defendants' designations are not permissible affirmative designations and are inadmissible hearsay.

In addition, portions of Defendants' designations appear to fall outside of the fact cut-off. As this Court recently affirmed, its order on liability will be limited to the evidentiary fact cut-off date of September 1, 2017.  ECF 695.  The Court established the fact cut-off in March 2017, during discovery and well before trial.  ECF 310.  The Court issued numerous orders leading up to trial reiterating the fact cut-off and acknowledging that any evidence outside of the fact cutoff date would be outside the scope of discoverable and triable issues in the case and would be inadmissible.  ECF 364, 377, and 551.  In making their final designations, Plaintiffs reviewed all their designations served before trial and deleted any that appeared to be outside of the fact cut-off.  Because portions of Defendants' newly designated testimony appear to fall outside of the fact cut-off, Plaintiffs have objected to those designations on the grounds that they are inadmissible under, and in violation of, the Court's orders.

For the foregoing reasons, Plaintiffs request that the Court disregard the testimony to which Plaintiffs object in Exhibit A.

Dated: October 30, 2020

Respectfully submitted,

/s/ *Garth A. Corbett*
GARTH A. CORBETT
State Bar No. 04812300
SEAN A. JACKSON
State Bar No. 24057550
DISABILITY RIGHTS TEXAS
2222 W. Braker Lane
Austin, TX  78758
(512) 454-4816 (Telephone)
(512) 454-3999 (Facsimile)

YVETTE OSTOLAZA
yostolaza@sidley.com
State Bar No. 00784703
ROBERT VELEVIS
rvelevis@sidley.com
State Bar No. 24047032
Sidley Austin LLP
2021 McKinney Avenue Suite 2000
Dallas, Texas 75201
(214) 981-3300 (Telephone)
(214) 981-3400 (Facsimile)

STEVEN J. SCHWARTZ
Admitted Pro Hac Vice
Center for Public Representation
22 Green Street
Northampton, MA  01060
(413) 586-6024 (Telephone)
(413) 586-5711 (Facsimile)

*Counsel for Plaintiffs*

ERIC S. DRIEBAND
Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief
Special Litigation Section

BENJAMIN O. TAYLOE, JR.
Deputy Chief
Special Litigation Section

/s/ *Jessica Polansky*
JESSICA POLANSKY (New York Bar No.
4436713) Admitted Pro Hac Vice
ALEXANDRA L. SHANDELL (D.C. Bar No.
992252) Admitted Pro Hac Vice
SARAH T. RUSSO (New York Bar No. 4931085)
Admitted Pro Hac Vice
HALEY C. VAN EREM (Florida Bar No. 106753)
Admitted Pro Hac Vice
Trial Attorneys
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW, PHB
Washington, DC 20530
(202) 353-1280 (Telephone)
(202) 514-6903 (Facsimile)
Jessica.Polansky@usdoj.gov

*Counsel for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30th, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

/s/ *Garth A. Corbett*
Garth A. Corbett