IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ERIC STEWARD, *et al.*, § | |
| *Plaintiffs*, § | |
| v. § | |
| § | |
| CECILE YOUNG, in her official § | |
| capacity as the Executive Commissioner of § | |
| Texas' Health and Human Services § | |
| Commission, *et al.*, § | |
| *Defendants.* § | |
| § | Case No. 5:10-CV-1025-OLG |
| § | |
| THE UNITED STATES OF AMERICA, § | |
| *Plaintiff-Intervenor*, § | |
| § | |
| v. § | |
| § | |
| THE STATE OF TEXAS, § | |
| *Defendant*. § | |

**JOINT RESPONSE BY PLAINTIFFS, THE UNITED STATES, AND STATE
DEFENDANTS TO THE COURT'S JUNE 17, 2025 ORDER**

Plaintiffs, the United States, and Defendants (collectively "the Parties") submit this Joint Response to the Court's June 17, 2025 Findings of Fact and Conclusions of Law, Docket No. 717 ¶ 1631, requiring the Parties to meet and confer on a proposed remedial order. Since the Court's Order, the Plaintiffs and the United States drafted and shared with Defendants a proposed remedial order on July 17, 2025. The Parties have met on two occasions (July 22, 2025, and July 29, 2025) to discuss the proposed remedial order, as well as standards to measure compliance with all of the provisions of the order. During the meet-and-confer process described above, the Parties discussed the provisions of the proposed order, the use of the previously agreed Quality Service Review (QSR) process for assessing compliance, and the importance of ongoing discussions to determine

1

if the QSR needs to be modified or updated. While the Parties have not agreed on a proposed remedial order, they have had constructive discussions and agree to continue to collaborate in the future on matters related to the Court's Orders. Given the lack of agreement, the Parties set forth their respective positions below, in response to the Court's June 17, 2025 Order.

I. **Plaintiffs' and United States' Position**

In light of the above, Plaintiffs and the United States inform the Court that:

1. The Plaintiffs and United States developed their Proposed Order, which is attached as Exhibit 1, after a careful review and consideration of the updated information provided by Defendants in their November 2022 Advisory to the Court. Docket no. 701. The Proposed Order accounts for several of the systemic improvements discussed in the Advisory. As a result, the Proposed Order seeks to avoid additional discovery, expert reviews and disclosures, and a new trial on this evidence, but provides an immediate pathway for Defendants to demonstrate compliance with any or all provisions based upon current evidence.

2. The Proposed Order sets forth provisions to remedy the violations identified in the Court's June 17, 2025 Findings of Fact and Conclusions of Law. Docket no. 717. As described below, the Proposed Order is firmly rooted in the evidence admitted in the 2018 trial as well as Defendants' post-trial activities. It satisfies the requirements of Federal Rule of Civil Procedure 65(d) and it is appropriately tailored to comply with the requirements for class-wide injunctive relief. *See Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 586 (5th Cir. 2013) (quoting elements of Fed. R. Civ. P. 65(d) that require specificity of terms and required conduct described in "reasonable detail"); *see also M.D. by Stukenberg v. Abbott*, 907 F.3d 237, 271-72 (5th

Cir. 2018) (discussion of proper scope of class-wide injunction to meet requirement that relief be "narrowly tailored"). It is "no more burdensome to the defendant[s] than necessary to provide complete relief to the plaintiffs." *Lion Health Servs., Inc. v. Sebelius*, 635 F.3d 693, 703 (5th Cir. 2011) *(*quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)).

3. The Proposed Order addresses the Court's Findings and Conclusions related to Plaintiffs' and the United States' claims under the Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 *et seq*. and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and related regulations, including but not limited to the integration mandate; and Plaintiffs' claims under the Nursing Home Reform Amendments of 1987 (NHRA), 42 U.S.C. 1396r *et seq.* and their implementing regulations, 42 C.F.R. Part 483.[1]

4. The Proposed Order requires Defendants to: 1) ensure that all class members make a knowing, informed, and meaningful choice whether to enter or remain in a nursing facility by providing appropriate information, opportunities, supports, and accommodations; 2) arrange for the timely and effective diversion and transition of all class members who can be appropriately served in the community by taking steps to ensure sufficient community capacity, including Home and Community-based Services Waiver (HCS Waiver) slots; 3) comply with Pre-Admission Screening and Resident Review (PASRR) requirements for Level I screenings, Level II evaluations, and

---

[1] In light of the recent decision in *Medina v. Planned Parenthood S. Atl.*, 145 S. Ct. 2219 (2025), the Proposed Order does not rely on the Medicaid claims under 42 U.S.C. § 1396a(a)(8) (reasonable promptness) and 42 U.S.C. § 1396n(c)(2)(C) ("freedom of choice"), which are not necessary to afford full relief to the Plaintiff Class.

      provision of specialized services and active treatment; and 4) provide oversight, evaluation, and reporting sufficient to determine compliance with the Order, including conducting and reporting on the Texas Health and Human Services Commission's (HHSC's) own QSR.

5. The Proposed Order contemplates a four-year period to achieve compliance based upon the State's biennium funding for transition services, during which time the Court will retain jurisdiction to oversee compliance and resolve any disputes. The Proposed Order allows Defendants to immediately demonstrate compliance with any provision based on current evidence and to have its obligations under that provision terminated, provided Defendants can demonstrate that a durable remedy is in place.

6. Plaintiffs and the United States respectfully request that the Court enter the Proposed Order as its remedial order.

## II.   Defendants' Position

As an initial matter, Defendants do not believe the evidence supports issuing any remedial order against Defendants. However, in the event the Court intends to issue a remedial order, Defendants do not believe that can happen until issues with the Court's June 17, 2025 order are resolved. Defendants have more fully set out these matters in objections being filed contemporaneously with this Joint Response, but they fall into three general categories. First, in relying on evidence that is no more recent than September 2017, the Court cannot find an ongoing violation of federal law that is necessary to order an injunction. Even if the Court had relied on the evidence provided by Defendants in November 2022, it would still be nearly three years old and not capable of establishing a current ongoing violation of federal law.

Second, many findings in the June 17 order are contradicted by evidence in the record. Finally, there are claims asserted by the private plaintiffs that are no longer viable as a result of recent Supreme Court authority.

DATED: August 1, 2025

Respectfully submitted,

/s/ *Garth A. Corbett*
GARTH A. CORBETT
gcorbett@drtx.org
State Bar No. 04812300
SEAN A. JACKSON
sjackson@drtx.org
State Bar No. 24057550
DISABILITY RIGHTS TEXAS
2222 W. Braker Lane
Austin, TX  78758
(512) 454-4816 (Telephone)
(512) 454-3999 (Facsimile)

YVETTE OSTOLAZA
yostolaza@sidley.com
State Bar No. 00784703
ROBERT VELEVIS
rvelevis@sidley.com
State Bar No. 24047032
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000 Dallas, Texas 75201
(214) 981-3300 (Telephone)
(214) 981-3400 (Facsimile)

STEVEN J. SCHWARTZ
sschwartz@cpr-ma.org
*Admitted Pro Hac Vice*
CENTER FOR PUBLIC REPRESENTATION
5 Ferry Street #314
Easthampton, MA 01027
(413) 586-6024 (Telephone)
(413) 586-5711 (Facsimile)

*Counsel for Plaintiffs*

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ANDREW DARLINGTON
Acting Chief
Special Litigation Section

BENJAMIN O. TAYLOE, JR.
Deputy Chief
Special Litigation Section

/s/ *Alexandra L. Shandell*
ALEXANDRA L. SHANDELL (D.C. Bar No. 992252)
*Admitted Pro Hac Vice*
Trial Attorney
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW, 4CON
Washington, DC 20530
(202) 598-9606 (Telephone)
(202) 514-6903 (Facsimile)
Alexandra.Shandell@usdoj.gov

*Counsel for the United States*

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

*/s/ Kimberly Gdula*
KIMBERLY GDULA
Chief
State Bar No. 24052209
STEPHANIE CRISCIONE
Assistant Attorney General
State Bar No. 24109768
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
kimberly.gdula@oag.texas.gov
stephanie.criscione@oag.texas.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on this, the 1st day of August 2025, a true and correct copy of the foregoing Joint Response to the Court's June 17, 2025 Order was served using the court's CM/ECF filing system, thus providing service to all participants.

*/s/ Garth A. Corbett*
GARTH A. CORBETT