**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**FILED**
April 14, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**ERIC STEWARD *et al.*,**

**Plaintiffs,**

**v.**

**CECILE YOUNG, in her official capacity as the Executive Commissioner of Texas' Health and Human Services Commission, *et al.*,**

**Defendants.**

**NO. SA-10-CV-1025-OLG**

**THE UNITED STATES OF AMERICA,**

**Plaintiff-Intervenor,**

**v.**

**THE STATE OF TEXAS,**

**Defendant.**

## ORDER

Before the Court is the status of this case. On June 17, 2025, the Court issued Findings of Fact and Conclusions of Law and required the parties to meet and confer to develop a proposed remedial order for the Court's review. (Dkt. No. 717 at 474.) The Findings and Conclusions provided that judgment will be entered for Plaintiffs and the United States after the entry of said remedial order. (*Id.* at 475.)

On August 1, 2025, the parties jointly submitted separate responses, explaining that they had not agreed on a proposed remedial order (*see* Dkt. No. 720 at 2), and Defendants separately filed objections to the Court's Findings and Conclusions and to the entry of a remedial order (*see* Dkt. No. 719 at 1–2). Plaintiffs and the United States responded to Defendants' objections, proposing that the Court order limited discovery, based upon the previously agreed-to QSR, to

craft an appropriate remedial order. (Dkt. No. 722 at 11.) Defendants did not oppose this request in their reply. (*See* Dkt. No. 723.) Additionally, as the Court previously advised on September 29, 2020, in its Order denying Defendants' request for leave to file a post-trial offer of proof:

> Consistent with its prior orders, the Court will make fact findings relating to liability and declaratory relief based on facts occurring prior to the evidentiary cutoff date. Should the Court reach the issue of prospective injunctive relief, the Court will determine, at that juncture, whether and to what extent facts that occurred after the evidentiary cutoff should be considered. If so, those facts will be subject to discovery by both sides before the Court will consider them.

(Dkt. No. 695 at 10.)

Accordingly, the parties shall meet and confer to develop a joint scheduling proposal for the completion of this case, including submitting the parties' agreed recommendation(s) for a Rule 706 expert witness; conducting limited discovery, based on the previously agreed-to or, if appropriate, a modified QSR; issuing a QSR report; and submitting a proposed remedial order. Their proposal must be submitted to the Court **no later than Friday, May 29, 2026**.

It is so **ORDERED**.

**SIGNED** on April 14, 2026.

ORLANDO L. GARCIA
United States District Judge