**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ERIC STEWARD, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| CECILE YOUNG, in her official capacity as the Executive Commissioner of Texas' Health and Human Services Commission, *et al.*, | § | |
| *Defendants.* | § | |
| | § | Case No. 5:10-CV-1025-OG |
| | § | |
| THE UNITED STATES OF AMERICA, | § | |
| *Plaintiff-Intervenor*, | § | |
| | § | |
| v. | § | |
| | § | |
| THE STATE OF TEXAS, | § | |
| *Defendant.* | § | |

**PARTIES' JOINT REPORT TO THE COURT**
**CONCERNING THE RULE 706 EXPERT**

## I. Introduction

On June 17, 2025, this Court issued post-trial Findings of Fact and Conclusions of Law. Dkt. 717. On April 14, 2026, the Court instructed the Parties to meet and confer to develop a joint scheduling proposal for completion of this case, including submitting the Parties' agreed recommendations for a Rule 706 Expert Witness. Dkt. 726.

Since the Court's order, the Parties have met several times by telephone, proposed several potential individuals to serve as the Rule 706 Expert Witness, and interviewed three recommended professionals. The Parties also exchanged proposed schedules for completing this case, including

a detailed schedule for conducting a revised QSR process. This Joint Report summarizes the Parties' respective positions on a process for updating the facts, the selection of a Rule 706 Expert Witness, a schedule for the Expert's work, and an appointment order for the Rule 706 Expert Witness.

## II. The Process for Updating the Facts

### *A. The Plaintiffs' and United States' Position*

The Plaintiffs and the United States believe the process set forth in the Court's April 14, 2026 order is fair and reasonable, and that appointing a Rule 706 Expert Witness to conduct a modified QSR process is the most efficient and cost-effective manner to update the facts presented at trial. The Plaintiffs and the United States have taken all reasonable step to comply with the Court's April 14, 2026 Order.

### *B. The Defendants' Position*

Defendants object to the appointment of a Rule 706 expert because it supplants the adversarial discovery process to develop the facts necessary to support any finding of an ongoing violation of federal law that is necessary to invoke *Ex parte Young*.

Defendants object to the further use of the QSR, developed for the limited purposes of the interim settlement agreement in this case, to assess liability because it represents best practices and does not and cannot be used to determine whether Defendants are in compliance with legal obligations imposed by federal law to support the relief sought by Plaintiffs.

Defendants object to Dkt. 726's requirement to set a deadline for the Parties to submit proposed remedial orders because it presumes liability without the factual findings necessary to reach such a conclusion.

For these reasons, Defendants request the Court enter an order allowing the Parties to conduct full, adversarial discovery necessary to develop an evidentiary record to determine whether Plaintiffs have met their burden of proof.

**III. Rule 706 Expert Witness**

Subject to and without waiving the Defendants' foregoing objections, and to the extent the Court wishes to appoint a Rule 706 Expert Witness, the Parties agree that the Court should appoint Sara Galantowicz, a senior policy associate at the Human Services Research Institute (HSRI) as the Rule 706 Expert Witness to conduct a new Quality Service Review (QSR), with responsibilities defined by the Court and consistent with the schedule set forth below. Ms. Galantowicz is a qualified disability professional with demonstrated experience in conducting evaluations of services for, and preferences of, people with intellectual and developmental disabilities. HSRI has experience identifying and applying federal requirements applicable to this case and has, for decades, conducted a national client review, called the National Core Indicators (NCI) to assess the services, preferences, and outcomes of people with IDD throughout the United States, including Texas. Ms. Galantowicz has considerable experience collecting data from staff and residents in nursing facilities in several states; interviewing people with IDD concerning their needs and preferences through multiple survey instruments and in support of state service assessments; and assessing nursing facilities in Delaware, including residents' interest in, and understanding of, perceived barriers to transition. She also conducted two major evaluations of nursing facility services and staffing, which included interviews with more than 350 nursing facility staff, residents, and family members, as well as several other data collection and analysis activities.

Ms. Galantowicz will be able to draw on HSRI's experience, expertise, resources, clinical professionals, quantitative sampling personnel, and data analytics staff, as well as consultants to complete the QSR review in a timely manner. Ms. Galantowicz has confirmed that she is available to recruit and train a team of QSR reviewers, and complete the activities consistent with the schedule below, depending on the date of her appointment. Ms. Galantowicz' professional training, experience, and qualifications are more fully described in Exhibit 1.

## IV. Proposed Schedule for the Rule 706 Expert Witness' QSR Review

Subject to review and approval of the Rule 706 Expert Witness that the Court appoints, and subject to Defendants' request that the Court enter an order permitting adversarial discovery, the Parties propose the following schedule for the Rule 706 Expert Witness' completion of the modified QSR:

| | |
|---|---|
| Parties submit recommendations regarding sampling methodology to Rule 706 Expert Witness | 15 Days from Entry of Order Appointing Expert |
| Rule 706 Expert Witness finalizes sampling methodology for the review | 30 Days from Entry of Order Appointing Expert |
| Parties submit recommendations for modifications to QSR review documents and process to Rule 706 Expert Witness | 45 Days from Entry of Order Appointing Expert |
| Rule 706 Expert Witness finalizes QSR review documents and process | 60 Days from Entry of Order Appointing Expert |
| Rule 706 Expert Witness trains and certifies reviewers on the modified QSR, draws the QSR sample, and together with HHSC, requests documents for the QSR review | 100 Days from Entry of Order Appointing Expert |
| Rule 706 Expert Witness completes QSR Review | 160 Days from Entry of Order Appointing Expert if the review includes 100 individuals in the sample;<br>220 Days from Entry of Order Appointing Expert if the review includes 200 individuals in the sample;<br>280 Days from Entry of Order Appointing Expert if the review includes 300 individuals in the sample; |

| | |
|---|---|
| Rule 706 Expert Witness issues draft QSR report | 30 days from the completion of the QSR review |
| Deadline for any party to depose the Rule 706 Expert Witness | 60 days from the completion of the QSR review |
| Parties submit any objections to the draft QSR report to the Rule 706 Expert Witness | 90 Days from the completion of the QSR review |
| Rule 706 Expert Witness issues final QSR | 120 Days from the completion of the QSR review |
| Parties submit objections to the final QSR report to the Court | 150 Days from the completion of the QSR review |
| Parties submit proposed remedial order | 180 Days from the completion of the QSR review |

The Parties recognize that the Rule 706 Expert Witness may determine that additional time is needed to complete the QSR review and issue a report, and that one or both Parties may require additional time to carry out the actions set forth in this proposed scheduling order. Therefore, the Parties agree that these proposed deadlines may be modified by agreement of the parties or by seeking relief from the Court. The Parties shall notify the Court of any agreed modifications to the proposed schedule.

## V. Plaintiffs' and United States' Proposed Order for the Rule 706 Expert Witness

### *A. The Plaintiffs' and United States' Position*

The Plaintiffs' and United States' proposed appointment order that describes the Rule 706 Expert Witness' roles, responsibilities, and authorities is attached as Exhibit 2.

### *B. The Defendants' Position*

Defendants request that the Court refrain from entering an order appointing an expert and instead enter an order permitting adversarial discovery. Moreover, Defendants do not believe submitting a proposed appointment order is within the narrow scope of the Court's April 14, 2026 Order, and object to Plaintiffs' proposed appointment order to the extent it: 1) presumes that the Court will enter a remedial order in this case; and 2) seeks to impose obligations on a Rule 706

Expert beyond evaluating Defendants' implementation of the minimum standards set by applicable federal law.

Dated: May 29, 2026.

Respectfully submitted,

*/s/ Garth A. Corbett*
GARTH A. CORBETT
gcorbett@drtx.org
State Bar No. 04812300
SEAN A. JACKSON
sjackson@drtx.org
State Bar No. 24057550
DISABILITY RIGHTS TEXAS
2222 W. Braker Lane
Austin, TX 78758
(512) 454-4816 (Telephone)
(512) 454-3999 (Facsimile)

YVETTE OSTOLAZA
yostolaza@sidley.com
State Bar No. 00784703
ROBERT VELEVIS
rvelevis@sidley.com
State Bar No. 24047032
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000 Dallas, Texas 75201
(214) 981-3300 (Telephone)
(214) 981-3400 (Facsimile)

STEVEN J. SCHWARTZ
sschwartz@cpr-ma.org
ELISSA GERSHON
egershon@cpr-ma.org
*Admitted Pro Hac Vice*
CENTER FOR PUBLIC REPRESENTATION
5 Ferry Street #314
Easthampton, MA 01027
(413) 586-6024 (Telephone)
(413) 586-5711 (Facsimile)

*Counsel for Plaintiffs*

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

PATRICK MCCARTHY
Chief
Special Litigation Section

*/s/ Benjamin O. Tayloe*
BENJAMIN O. TAYLOE
(D.C. Bar No. 425691)
Deputy Chief
Special Litigation Section

ALEXANDRA L. SHANDELL
(D.C. Bar No. 992252)
*Admitted Pro Hac Vice*
Trial Attorney
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW, 4CON
Washington, DC 20530
(202) 598-9606 (Telephone)
(202) 514-6903 (Facsimile)
Alexandra.Shandell@usdoj.gov

*Counsel for the United States*

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

*/s/ Kimberly Gdula*
KIMBERLY GDULA
Chief
State Bar No. 24052209
STEPHANIE A. CRISCIONE HOUSER
Assistant Attorney General
State Bar No. 24109768
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel: (512) 463-2120
Fax: (512) 320-0667
kimberly.gdula@oag.texas.gov
stephanie.criscione@oag.texas.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system upon all counsel of record.

*/s/ Garth A. Corbett*
GARTH A. CORBETT